831 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
H.D. COPELAND, J.L. Hutlett, et al., Plaintiffs-Appellants,
v.
UNION CARBIDE CORPORATION, Defendant-Appellee.
 No. 86-6200.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1987.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs in this class action have appealed an order of the district court (Edward H. Johnstone, Chief Judge) granting summary judgment to the defendant, Union Carbide Corporation. We shall affirm the district court judgment.
 
 
 2
 The plaintiff class consists of 105 former salaried employees of the Nuclear Division of Union Carbide. On April 1, 1984, Martin Marietta Energy Systems, Inc. ("MMES") succeeded Union Carbide as the operator of a facility owned by the United States Department of Energy. As of the same date, each member of the plaintiff class was offered employment with MMES in the same position, at the same location, and with the same salary and benefits that each had had as a Union Carbide employee. The members of the class chose to retire rather than to accept virtually identical employment with MMES, but they now claim to have been entitled to a "full layoff allowance" that Union Carbide declined to give them.
 
 
 3
 The Nuclear Division-Union Carbide Layoff Allowance Plan is an employee welfare plan within the meaning of ERISA, 29 U.S.C. Sec. 1002. This court reviews decisions of employee welfare plan administrators only to determine whether such decisions were arbitrary, capricious, in bad faith, erroneous as a matter of law, or unsupported by substantial evidence. Blakeman v. Mead Containers, 779 F.2d 1146, 1149 (6th Cir.1985). The district court held that Union Carbide's decision to deny a full layoff allowance was not unsupportable under this standard. The plaintiffs argue on appeal, as they argued, in essence, before the district court, that Union Carbide's decision was arbitrary, capricious, not supported by substantial evidence, and erroneous on a question of law. Like the district court, we find the argument unpersuasive. Accordingly, we AFFIRM the district court's judgment for the reasons set out in Judge Johnstone's comprensive memorandum opinion of October 14, 1986.